IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD REED | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TAB BICKELL, et al. | : | NO. 5:13-cv-04941 |
| | : | |

O R D E R

AND NOW, this 25th day of July 2014, upon consideration of the Report and

Recommendation of United States Magistrate Judge Marilyn Heffley (ECF No. 11) and

Petitioner Ronald Reed's Objection thereto (ECF No. 15), and upon independent review of

Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), it is hereby ORDERED as follows:

1. Petitioner's objections to the Report and Recommendation ("R&R") are OVERRULED. This Court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

   Petitioner objects to only one aspect of the R&R; he argues that AEDPA's statute of limitations should be equitably tolled in his case because mental-health problems prevented him from filing his petition in a timely manner. (See Pet'r's Objection to R&R 2–3, ECF No. 15.) Mental incompetence may sometimes furnish a ground for equitable tolling, but not unless the alleged incompetence somehow affects the petitioner's ability to file an action on time. Champney v. Sec'y Pennsylvania Dep't of Corr., 469 F. App'x 113, 117 (3d Cir. 2012). Here, Petitioner was not mentally incapable of filing court documents during the relevant period, for he repeatedly filed untimely PCRA petitions in state court, both before and after AEDPA's statute of limitations expired. (See R&R 2, 4–5, ECF No. 11.) Plainly, then, he could instead have filed a proper petition in the correct court before it was too late, and this defeats his argument for equitable tolling. See Champney, 469 F. App'x at 118 ("[Petitioner's] participation in court proceedings over an extended period of time compel the conclusion that the extraordinary remedy of equitable tolling is not warranted here."). Furthermore, the fact that Petitioner may have received bad legal advice from "jailhouse lawyers," see Pet'r's Objection to R&R 3, is irrelevant. See generally Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (noting that, in non-capital cases, even mistakes by actual lawyers do not typically call for equitable tolling). Finally, Petitioner's claim that he "timely asserted his rights in the wrong forum," Pet'r's Objection to R&R 3, is unconvincing because his latter two PCRA petitions were, in fact, *untimely* filed in the wrong forum. (See R&R 2.)

    Whatever the nature of Petitioner's mental-health difficulties, they did not prevent him from filing a timely 28 U.S.C. § 2254 petition. Equitable tolling is therefore inappropriate, and Petitioner's objections are overruled.

2. For the foregoing reasons, the Report and Recommendation (ECF No. 11) is APPROVED and ADOPTED.

3. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED without an evidentiary hearing.

4. No certificate of appealability shall issue.

5. The Clerk of Court shall mark this matter CLOSED for statistical purposes.

                                                                                         BY THE COURT:

                                                                                        /s/ Legrome D. Davis

                                                                                        Legrome D. Davis, J.